# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| TONY McKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-3008-STA-egb |
| | ) | |
| NICK CLOUD, Attorney, and | ) | |
| JUDGE CHRIS CRAFT for Division VIII | ) | |
| Criminal Court for Shelby County | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING CLAIMS,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 27, 2016, Plaintiff Tony McKinney, an inmate currently incarcerated at the Bledsoe County Correctional Complex ("BCCX") in Pikeville, Tennessee, filed *pro se* a Complaint under 42 U.S.C. § 1983 accompanied by a motion for leave to proceed *in forma pauperis*. The Court granted McKinney leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). The Clerk shall record the Defendants in this case as Attorney Nick Cloud and Judge Chris Craft, Division VIII Criminal Court for Shelby County.

## BACKGROUND

On March 6, 2014, McKinney was charged with one count of aggravated child abuse and one count of first degree murder. (https://cjs.shelbycountytn.gov Case No. 14 01197-13119321). On March 13, 2014, McKinney was charged with a second count of aggravated child abuse and a second count of first degree murder. (*Id.*) On October 17, 2016, McKinney entered guilty pleas

as to the initial count of first degree murder and the initial count of aggravated child abuse. (*Id.*) The remaining charges were dismissed *nolle prosequi*. (*Id.*)

McKinney's Complaint is largely an attempt to retry the merits of his criminal case. McKinney claims that his spanking of the three-year old child and her crying for thirty minutes were not the causes of the child's death. (Compl. at 7-8, ECF No. 1.) McKinney alleges that the cause of the child's death was unknown, and the unknown condition also caused the child to cry uncontrollably. (*Id.*) McKinney further alleges that he did not leave the scene of the crime, though it is not clear where the scene of the crime was or how McKinney's allegation is relevant to his claim, but went to the hospital to check on the child. (*Id.* at 8.) The Complaint alleges that Defendant Nick Cloud, McKinney's trial attorney, never conducted a proper investigation to establish McKinney's innocence. (*Id.*)

According to McKinney, his attorney not only failed to investigate, counsel also allowed McKinney to enter into a plea agreement at a time when McKinney was taking medication. McKinney alleges that his doctor prescribed him multiple anti-depressants to treat McKinney for stress and audible hallucinations, medication which McKinney was taking during plea negotiations. (*Id.* at 9.) McKinney alleges that as a result of his medications, he was not competent to enter into a plea agreement. (*Id.*) Nevertheless, his trial attorney allowed him to enter into the plea agreement. (*Id.*) The Complaint also alleges that Judge Craft was aware of McKinney's mental state and advised McKinney to accept the plea agreement anyway. (*Id.*) McKinney requests appointment of counsel to review his trial proceedings. (*Id.* at 10.) McKinney also seeks $250,000 in compensatory damages from each Defendant. (*Id.* at 13.)

## **SCREENING STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) pleadings standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And district courts are not required "to ferret out the

strongest cause of action on behalf of pro se litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

## **ANALYSIS**

McKinney filed his *pro se* Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). The Court will consider each of McKinney's claims in turn.

### **I. Claims Against Attorney Cloud**

The Court first holds that McKinney has failed to state a plausible claim against his trial attorney Nick Cloud. Courts have uniformly held that attorneys are not state actors subject to suit under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under § 1983."); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorney who is appointed by the court does not act

4

under color of state law); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (per curiam) (attorney appointed by federal court is not a federal officer who can be sued under *Bivens*). One of the essential elements of a § 1983 claim is that the individual acted under color of law. Because Cloud was not a state actor, McKinney cannot hold Cloud liable under § 1983. Therefore, McKinney's claims against Cloud are **DISMISSED**.

## II. Claims against Judge Craft

Likewise, McKinney has failed to state a plausible claim against Judge Craft. It is well settled that judges in the performance of their judicial functions are absolutely immune from civil liability. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese,* 689 F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" of absolute judicial immunity is whether the judicial officer is sued for the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993). McKinney alleges that while acting as the presiding judicial officer in McKinney's criminal case, Judge Craft was aware of McKinney's mental incapacity and accepted McKinney's plea anyway. Judge Craft's actions during the course of the criminal proceedings fall squarely within in the scope of his judicial function. Therefore, Judge Craft has absolute judicial immunity from McKinney's claims. These claims are **DISMISSED**.

In the alternative, any claims arising from McKinney's conviction are barred by *Heck v. Humphrey*, in which the Supreme Court held

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

> conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. 477, 486-87 (1994) (footnotes omitted). A plaintiff has no cause of action under § 1983 if a claim requires factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is terminated in his favor, his conviction is set aside, or the confinement is declared illegal. *Heck*, 512 U.S. at 481-82; *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that whenever the relief sought is release from prison, the only remedy is through a habeas petition, not a § 1983 complaint). McKinney has not shown that his conviction in Shelby County Criminal Court was set aside or declared illegal.

For all of these reasons, McKinney's Complaint fails to state a plausible claim for relief and is subject to dismissal in its entirety.

### III. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In this case, the Court concludes that an amended pleading would not cure the defects identified by the Court. McKinney's claims against his trial attorney and the presiding trial judge are fundamentally flawed. McKinney cannot hold his attorney liable for damages under § 1983, and Judge Craft has absolute immunity from suit. Furthermore,

McKinney's claims are barred for the reasons stated in the Supreme Court's decision in *Heck v. Humphrey*. Under the circumstances, any attempt to amend the pleadings would be futile. Therefore, the Court finds no reason to allow McKinney an opportunity to amend his Complaint.

## **CONCLUSION**

The Court **DISMISSES** McKinney's Complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is **DENIED** because the deficiencies in McKinney's Complaint cannot be cured.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by McKinney in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on a defendant but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by McKinney would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if McKinney nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore,

McKinney is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For purposes of 28 U.S.C. § 1915(g), this is the first dismissal of one of McKinney's cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

                                             **s/ S. Thomas Anderson**
                                             S. THOMAS ANDERSON
                                             CHIEF UNITED STATES DISTRICT JUDGE

                                             Date:   September 17, 2018.